UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' MOTION** |
| v. ) | **TO DISMISS FOR** |
| ) | **SELECTIVE PROSECUTION** |
| SHARMAKE JAMA, ) | |
| AYAN JAMA, ) | |
| ASHA JAMA, ) | |
| MUSTAFA JAMA, and ) | |
| ZAMZAM JAMA, ) | Case No.: 22-cr-00225 (NEB-DTS) |
| Defendants | |

Defendants, by and through their undersigned counsel, and, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, move the Court for an Order dismissing the indictment based on selective prosecution by the Government based on the Defendants' ethnicity and race.

BACKGROUND

The Government has brought six indictments and numerous individual complaints charging seventy people with fraud, wire fraud, money laundering, conspiracy, and related charges. The basis of these charges is that different people and organizations were committing fraud under the purview of a sponsoring entity, Feeding our Future. The investigation started in the Summer of 2021 and has remained ongoing. Defendants in this matter are alleged to have been a food distribution site sponsored by Feeding our Future and the hierarchy of organizations between Feeding our Future and Brave Restaurant, and Defendants. Defendants owned and operated a restaurant in Rochester, Minnesota and became part of the Government's investigation. Defendants are all Somali or Somali-American and black and only one of all the

people indicted throughout the Feeding our Future cases are not of the same ethnicity or race. However, in reviewing the Government's discovery disclosure a number of people involved in the investigation who are not Somali/Somali American and/or black can be identified but were not charged. This includes, but is not limited to, Feeding our Future Board Members Benjamin Stayberg, Jamie Phelps, and John Senkler, Feeding our Future employee Norma Cabadas, and confidant of Aimee Bock Coley Flynn who had intricate and detailed knowledge of how Feeding our Future started, why it was started, and the interworking's of the organization. Abdikerm Eidleh's assistant and right-hand who in statements has been described as a white male has also not been charged. All of these people are either directly working or in a position of control within Feeding our Future, work for an organization sponsored by Feeding our Future, or were involved in food site and distribution related to Feeding our Future. However, none of these people are listed on any indictments and have not been accused of wrongdoing even though they are intricately connected to the overarching organization at the center of all the indictments.

Large scale Covid-period prosecution is new but not uncommon. This Court can look to the large number of PPP, EIDL, and related loan program indictments and accusations for comparison with this case. In those prosecutions there was not one ethnicity or race that made up 98.5% of those charged like we see in the Feeding our Future matters. Similarly situated people in those loan-cases were of all different races and ethnicities. The Government in those matters showed that it was the facts of the case and not the demographics of a person that dictated the charging decisions.

A selective prosecution claim requires a showing that: "(1) people similarly situated were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Peterson*, 652 F.3d, 979, 981 (8th Cir. 2011) (*citing United States v. Hirsch*, 360

F.3d 860, 864 (8th Cir. 2004). One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, *Bolling* v. *Sharpe,* 347 U. S. 497, 500 (1954), is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler* v. *Boles,* 368 U. S. 448, 456 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons… with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Yick Wo* v. *Hopkins,* 118 U. S. 356, 373 (1886). Here, there is a direct correlation that the majority of people indicted and charged are of one ethnicity and/or race. And there is a showing that people outside of these demographics in a similar situation, and in some situations more directly involved with the Feeding our Future and the food programs in question, are not being prosecuted. Due to this disparity the question turns to the motivation of the government in its charging decisions.

      Defendants are asking the Court to review the Government's motives behind the indictment and conclude that the Government's focus and targeting of Defendants was done in bad faith, and thus dismiss the above-captioned matter.

Respectfully submitted,

Date: July 22, 2024              /s/ Ryan Pacyga
                                          Ryan M. Pacyga (#0321576)
                                          860 Blue Gentian Road, Suite 175
                                          St. Paul, MN 55121
                                          612-339-5844 (phone)
                                          Attorneys for Sharmake Jama

Date: July 22, 2024              /s/ Robert H. Ambrose
                                            Robert H. Ambrose
                                            Attorney License No. 389899 (MN)

Date: <u>July 22, 2024</u>                     /s/ Benjamin W. Koll
                                               Benjamin W. Koll
                                               Attorney License No. 0400148 (MN)

                                               Ambrose Law Firm, PLLC
                                               120 South Sixth Street #2480
                                               Minneapolis, MN 55402
                                               Phone: (612) 547-3199
                                               Attorneys for Ayan Jama

Date: <u>July 22, 2024</u>                     */s/Catherine Turner*
                                               Catherine L. Turner
                                               MN Attorney ID #0349057
                                               331 Second Avenue South, Suite 705
                                               Minneapolis, MN 55401
                                               Tel: (612) 361-4895
                                               Fax: (866) 663-4338
                                               E-mail: ct@feddefense.com
                                               Attorney for Asha Jama

Date: <u>July 22, 2024</u>                     /s/ Jason Steck
                                               Jason Steck #0393077
                                               525 Park Street, Suite 320
                                               St. Paul, MN 55103
                                               (763) 402-1829
                                               Attorney for Mustafa Jama

Date: <u>July 22, 2024</u>                     /s/ Debra Hilstrom
                                               Debra Hilstrom #0393077
                                               525 Park Street, Suite 320
                                               St. Paul, MN 55103
                                               (763) 479-9304
                                               Attorney for Zamzam Jama