UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-225(1) (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| SHARMAKE JAMA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of 51 months in prison.

Sharmarke Jama was one of the principals of Brava Restaurant, located in Rochester, Minnesota. In September of 2020, Jama met with Salim Said, the co-owner of Safari Restaurant, to discuss the Federal Child Nutrition program. Said explained the program and helped Jama complete an enrollment application and submit it to Feeding Our Future executive director Aimee Bock. Within hours, Bock approved Brava's application and authorized it to serve up to 3,000 meals to children each day. Jama subsequently paid kickbacks to Said and to Feeding Our Future employee Abdikerm Eidleh.

Beginning in October of 2020, Brava Restaurant began submitting fraudulent Federal Child Nutrition program reimbursement claims to Feeding Our Future,

claiming to serve 2,000 to 3,000 daily breakfasts and lunch to children. In reality, Brava Restaurants served only a tiny fraction of the claimed meals. Over the course of the next year, Brava Restaurant claimed to serve 1.7 million meals to children, for which it received approximately $5.3 million.

When reimbursement checks began coming in from Feeding Our Future, Jama coordinated with Said to create shell companies for each of his co-defendants to receive their share of the fraud proceeds. On January 7, 2021, Said paid to register six different companies with the State of Minnesota for Jama and his co-defendants. Jama's shell company was called Mumu LLC. Jama ultimately transferred $872,230 of Federal Child Nutrition program funds from Brava Restaurant to Mumu LLC's bank account, which he used for personal expenses, including purchasing a $88,000 truck and a $336,000 home.

Jama was indicted on September 13, 2022, with nine counts of wire fraud, one count of Federal programs bribery, one count of conspiracy to commit money laundering, and three counts of money laundering. He pleaded guilty to one count of wire fraud and one count of money laundering on January 29, 2025.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C.

§ 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## A.    Sentencing Guidelines Range

The government concurs with the Sentencing Guidelines calculations contained on the PSR. The total adjusted offense level is 23, and the defendant falls into Criminal History category I, making the recommended guideline sentence 46 to 57 months. The recommended fine range is $20,000 to $200,000.

## B.    Section 3553(a) Sentencing Factors

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

Jama participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. He heard that others were making a fortune through the Federal Child Nutrition program and sought out Salim Said to help get him involved. He took money intended

to feed children who no longer could get regular, nutritious meals at school, and used it to enhance his lifestyle. He knew he was not entitled to the money and that it was obtained by lying to the government about the number of children he allegedly served at his restaurant. He also got five of his siblings involved in the fraud scheme, resulting in all their convictions. Simply put, he took advantage of a once-in-a-century global pandemic and the generosity of American taxpayers to enrich himself and his family.

### 2.    History and Characteristics of the Defendant

Jama was born in Somalia in 1988. His father was killed in the Somali civil war in 1991, and Jama fled with his mother and siblings to Kenya. Jama lived several years in a refugee camp in Kenya, before moving into a small apartment. He emigrated with his mother and siblings to Minnesota in 1997. His family ultimately settled in Rochester, Minnesota, where Jama graduated from high school. After obtaining a bachelor's degree from Winona State University, Jama returned to Rochester and opened the Brava Restaurant in 2015. In addition to running the restaurant, Jama worked as a personal care attendant at an adult daycare center. Jama has never married and has no children.

### 3.    Deterrence, Respect for the Law, Just Punishment, and Protecting the Public

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

4

Jama's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. Too many people, Jama included, participate in this kind of fraud because, as they see it, everyone else is doing it. This cynical view must be stopped. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work.

**4.      The Need to Avoid Unwanted Disparities**

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). A Guidelines sentence of 51 months is not unwarranted. It is entirely consistent with other sentences meted out in this and other federal districts for fraud offenses involving the same level of culpability and loss, including, specifically, the 51-month sentence this Court imposed upon Sahra Nur.

### CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 51 months in prison.

Respectfully Submitted,

Dated: April 23, 2026,

DANIEL N. ROSEN
United States Attorney

 /s/ *Matthew C. Murphy*
BY:   MATTHEW C. MURPHY
REBECCA E. KLINE
Assistant U.S. Attorneys

5